IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,         )
  ,                                )
                                   )
v.                                 )   Criminal No. 07-17
                                   )
BRUCE EDWARD FITZGERALD,           )
                                   )
  Defendant

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss the Indictment On Jurisdictional Grounds With Brief in Support Thereof [Doc. # 34]. For the reasons set forth below, Defendant's Motion to Dismiss the Indictment against him is denied.

Defendant was charged by indictment with violating 18 U.S.C. § 922(g)(1), the federal statute which precludes felons from possessing a firearm. Defendant contends that the indictment against him must be dismissed with prejudice because "[t]wo Supreme Court cases, Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000), and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000), taken together with an earlier Supreme Court watershed precedent, United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), compel the conclusion that [18 U.S.C. § 922(g)(1) is] unconstitutional either as written, or as applied" and the indictment should be dismissed. (Def.'s Motion to Dismiss Indictment at 3-4).

It is well settled law in this circuit that 18 U.S.C. § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause powers. *See* United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001), cert.den'd, 535 U.S. 976 (2002) (after considering the effect of the United States Supreme Court decisions in, *inter alia*, Jones v. United States, 120 S.Ct. 1904 (2000), United States v. Morrison, 120 S. Ct. 1740 (2000), and United States v. Lopez, 115 S. Ct. 1624 (1995), appellate court held that "proof . . . that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the

interstate commence element [of 18 U.S.C. §922(g)]."). Defendant also refers us to dicta in United States v. Coward, 296 F.3d 176(3d Cir. 2002). Addressing the same issue presented here, one member of the Coward panel suggested that, but for Third Circuit precedent, he would have granted the motion to dismiss. Id. at 183-84. However, he did not, and circuit precedent against Defendant's position is squarely on point. Moreover, contrary to Defendant's argument, we opine that were the United States Supreme Court to review this issue, it would conclude, for the same reasons the Third Circuit has so found, that 18 U.S.C. § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause powers. Therefore, Defendant's argument that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied must fail.

Accordingly, Defendant's Motion to Dismiss Indictment on Jurisdictional Grounds With Brief in Support Thereof is denied.

November 19th, 2007

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| , ) | |
| ) | |
| v. ) | Criminal No. 07-17 |
| ) | |
| BRUCE EDWARD FITZGERALD, ) | |
| ) | |
| **Defendant** | |

## ORDER

AND NOW, to-wit, this 19th day of November, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss the Indictment On Jurisdictional Grounds With Brief in Support Thereof [Doc. # 34] be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge